PUSTET & CO. *v.* UNITED STATES (No. 2649)[1]

CONSTRUCTION, PARAGRAPH 1430, TARIFF ACT OF 1922—EMBROIDERED ARTICLES—BURSES—EXPRESSIO UNIUS EST EXCLUSIO ALTERIUS.

In the first part of paragraph 1430, Tariff Act of 1922, certain embroideries are provided for at 90 per centum ad valorem, while, in the last part, embroideries generally are provided for at 75 per centum. Under the rule of *expressio unius est exclusio alterius*, the first part includes only those actually specified, either *eo nomine* or under designations which necessarily imply an embroidery or an embroidered fabric or article. Embroidered burses are dutiable, then, under the 75 per centum provision; and their being made in part of trimmings, galloons, or braids does not bring them within the 90 per centum provision.

---
[1] T. D. 41396.

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, Abstract 49782

[Reversed.]

*Marlow & Hines* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter* and *Margaret M. Burnett*, special attorneys, of counsel), for the United States.

[Oral argument December 14, 1925, by Mr. Hines and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Burses, imported at the port of New York, were classified by the collector as fabrics or articles in part of trimmings, galloons, or braid, and they were accordingly assessed for duty under that part of paragraph 1430 of the act of 1922 which reads as follows:

PAR. 1430. Laces, lace window curtains, burnt-out laces and *embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise*, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, *galloons*, edgings, *trimmings*, fringes, gimps, ornaments; *braids*, * * * ; and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, 1406, and 1424 of this act), *by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act*, when composed wholly or in chief value of yarns, threads, filaments, * . * * 90 per centum ad valorem. (Italics not quoted.)

The importer protested that the burses were fabrics and articles embroidered and that they were therefore dutiable under that part of paragraph 1430 which reads as follows:

PAR. 1430. * * * and all fabrics and articles *embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise*, * * * all the foregoing, finished or unfinished, *by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act*, when composed wholly or in chief value of yarns, threads, filaments, * * * 75 per centum ad valorem. .(Italics not quoted.)

The Board of General Appraisers overruled the protest and the importer appealed.

The case was submitted to the board and to this court on the following stipulation:

BOARD OF UNITED STATES GENERAL APPRAISERS

In the matter of protest No. 60959–G/37613, F. Pustet Co., Incorporated (wearing apparel 1430)  .

It is stipulated by and between the Assistant Attorney General, attorney for the United States, and Marlow & Hines, attorneys for the importer herein, that the sample herewith is Item No. 15 on the invoice herein; that the said sample

is an embroidered article in chief value of yarns, threads, or filaments and in part of trimmings, galloons, or braids, and that the said trimmings, galloons, or braids are not embroidered.

It is further stipulated that the said sample correctly represents Item Nos. 18, 4018, 151, 147, and 4022 on the invoice herein.

All other claims in the protest are abandoned and the protest is submitted on this stipulation.

Dated May 25, 1925.

MARLOW & HINES,
*Attorneys for the Importer.*
OSCAR IGSTAEDTER,
*For Assistant Attorney General,*
*Attorney for the United States.*

The only question in the case is, did Congress intend that goods of the kind imported should be classified as articles and fabrics embroidered, or as articles or fabrics in part of galloons, trimmings, or braids. Conceding, for the purposes of this case only, that the provision relied upon by the Government and that upon which the importer depends, are equally specific, we think that the language of paragraph 1430 and the application thereto of the maxim *expressio unius est exclusio alterius* justifies us in holding that the last rather than the first part of the paragraph is applicable to the importation.

That maxim is a rule of interpretation and may be utilized for the purpose of ascertaining the legislative intent where such intent is not made clear by the language of a statute which expressly specifies either the persons or things subject to its operation or the persons or things excluded from its scope or the things it requires to be done or the manner or method of doing them. If there be persons or things or manners of performance not mentioned in such a law they are not subject to it or within its intention. Sutherland on Statutory Construction (2d ed.) sec. 493; *United States* v. *Field & Co.*, 7 Ct. Cust. Appls. 430, 431; *Oxford Iron Co.* v. *Slafter*, 118 Fed. Cas. 930; *Johnson* v. *Southern Pacific Co.*, 117 Fed. 462, 466.

The first part of paragraph 1430 provides among other things for *embroideries capable of conversion into burnt-out laces and for nets and nettings embroidered.* Congress having expressly named the particular embroideries and embroidered fabrics upon which it intended to impose a duty of 90 per centum ad valorem, it must be assumed, under the rule of interpretation just cited and nothing to the contrary appearing, that it was not the legislative purpose to subject to the 90 per centum rate any embroideries or embroidered articles other than those actually specified either *eo nomine* or under designations which necessarily implied an embroidery or an embroidered fabric or article. *United States* v. *Smith & Co.*, 12 Ct. Cust. Appls. 384, 387, 388.

The judgment of the Board of General Appraisers is *reversed.*