GLEMBY'S SONS CO. (INC.) *v*. UNITED STATES (NO. 2663) [1]

EMBROIDERED PIANO AND TABLE COVERS.

Following *Pustet & Co.* v. *United States,* 13 Ct. Cust. Appls. 530, T. D. 41396, decided concurrently herewith, embroidered piano and table covers, composed in part of trimming, are dutiable as embroidered articles at 75 per centum ad valorem under the last part of paragraph 1430; Tariff Act of 1922, and not, as being in part of trimming, at 90 per centum under the first part.

United States Court of Customs Appeals, February 25, 1926

APPEAL from Board of United States General Appraisers, T. D. 41000 (G. A. 9024)

[Reversed.]

*Allan R. Brown* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter* and *Peter A. Abeles,* special attorneys, of counsel), for the United States.

[Oral argument December 14, 1925, by Mr. Brown and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

A silk piano cover and a velvet table cover embroidered and made in part of trimming, were classified by the collector of customs at the port of New York, as fabrics and articles composed in part of trimming. The goods were therefore assessed for duty at 90 per centum ad valorem under that part of paragraph 1430 of the Tariff Act of 1922 which reads as follows:

PAR. 1430. Laces, * * * burnt-out laces and embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise * * * tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, ornaments; * * * and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1106, 1404, 1406, and 1424 of this act, by whatever name known and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments * * * 90 per centum ad valorem.

The importer protested that the goods were not dutiable as assessed by the collector and claimed that they were embroidered fabrics and articles dutiable at 75 per centum ad valorem under the last part of paragraph 1430, which, in so far as pertinent, reads as follows:

PAR. 1430. * * * embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliqued, scalloped, or ornamented with beads, * * * all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether

---

[1] T. D. 41397.

or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments * * * 75 per centum ad valorem.

The Board of General Appraisers overruled the protest and the importer appealed.

The issues and the legal questions here involved, are the same as those raised and this day decided in *Pustet & Co.* v. *United States,* 13 Ct. Cust. Appls. 530, T. D. 41396. On the authority of that case and for the reasons stated in the opinion rendered therein by this court, the judgment of the Board of General Appraisers is *reversed.*