UNITED STATES *v* GOLDFRANK & Co. (No. 3107) [1]

[1] T. D. 43081.

United States Court of Customs Appeals, November 19, 1928

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel) for the United States.

*Siegell & Mandell* (*Sharretts, Goe & Hillis*, and *Edward P. Sharretts* of counsel) for appellee.

[Oral argument October 9, 1928, by Mr. Carter and Mr. Sharrett]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This appeal involves the classification of certain ladies' embroidered collars imported at the port of New York. They were classified by the collector as embroidered net and embroideries on net at 90 per centum ad valorem under paragraph 1430 of the Tariff Act of 1922. The importer claims that the merchandise was properly dutiable as articles embroidered at 75 per centum ad valorem under said paragraph 3140. The court below sustained the protest, and from the judgment of said court the Government has appealed.

The facts in the case are stipulated, the stipulation being, in its material portion, as follows:

It is further stipulated and agreed that Exhibit 1 is an embroidery in the form of a collar in which the foundation fabric is netting, composed of threads. The article was made as follows: Two pieces of netting of different weaves and cut to the required dimensions to fit the embroidery machine are laid one above the other and introduced into the embroidery machine. The machine then proceeds to stitch through both thicknesses of the foundation fabric and desired embroidery design in the shape of a collar, which fixes with certainty the character and identity of the collar. The netting is so arranged in the machine that in some parts of the collar the fabric is double and in other parts single. A number of collars are made at one time, according to the size of the machine. As they come from the machine the collars are in the piece. They are then cut apart, and where the foundation fabric is double one of the layers of netting is cut away, thus producing the finished article found in Exhibit 1, which is the condition in which the article is imported. Neither layer of netting was embroidered prior to its entering into the fabrication of the collars as above described. As the collars come from the embroidery machine in the piece they are unsuitable for any purpose other than for collars, and are finished, excepting for

the cutting apart and cutting away of one thickness of foundation fabric as above described. The piece in its entirety is not commercially capable of any other use.

It is further stipulated and agreed that Exhibit 2 is an embroidery in the form of a collar in which the foundation fabric is netting composed of threads. Its manufacture is very much the same as that of Exhibit 1. A single thickness of netting cut to the required dimensions to fit the embroidery machine is introduced into the embroidery machine. The embroidery machine proceeds to stitch the desired embroidery design in the shape of a collar, which fixes with certainty the character and identity of the collar. A number of collars are made at one time, according to the size of the machine. As they come from the machine the collars are in the piece. They are then cut apart, producing the finished article as found in Exhibit 2 and as imported. The netting was not embroidered prior to its entering into the fabrication of the collars as above described. As the collars come from the embroidery machine in the piece, they are unsuitable for any purpose other than collars and are finished excepting for cutting apart, as above described. The piece in its entirety is not commercially capable of any other use.

It is further stipulated and agreed that Exhibits 1 and 2 are not burnt-out laces and are not embroideries capable of conversion into burnt-out laces.

Said paragraph 1430 is as follows:

PAR. 1430. Laces, lace window curtains, burnt-out laces, and embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine, or lace machine; and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, 1406, and 1424 of this act), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213 of this act, 90 per centum ad valorem; embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, scalloped, or ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem.

The Government contends that the collars in question are composed, in part, of nets or netting, and are, therefore, properly dutiable under the first duty provision of said paragraph 1430, whether embroidered or not. The importer insists, however, that the articles are embroidery in the form of collars, and that under the authority of

*United States* v. *Field*, 15 Ct. Cust. Appls. 254, T. D. 42263, they are dutiable under the last duty provision of the paragraph as "fabrics and articles embroidered."

The involved language of paragraph 1430 has, heretofore, given us some concern and has been before us several times for construction. We believe, however, the judgments of this court in respect to the issues involved in the case at bar have been consistent and plainly indicate the proper determination thereof.

We first had the paragraph under consideration in *United States* v. *Smith & Co.*, 12 Ct. Cust. Appls. 384, T. D. 40544. The imported merchandise in that case was embroidered flouncing, and this court held that such flouncings were dutiable under the last duty provision of the paragraph, under the enumeration of embroidered fabrics and articles. The parts of our opinion in that case, material here, are as follows:

In paragraph 1430, *supra*, however, in plain and concise language and with deliberate purpose, Congress has provided for "embroideries," with certain exceptions, and. for fabrics and articles embroidered in any manner, except embroidered nets and nettings, at a lower rate of duty than that provided for "laces, lace window curtains, * * * veils, veilings, flouncings." * * * Manifestly this change was not made inadvertently.

    *       *       *       *       *       ∗       *

The first part of paragraph 1430, supra, provides for "embroideries capable of conversion into burnt-out laces," and such as may be described by some other name and included in the eo nomine mentioned articles, and "nets and nettings embroidered or otherwise." No other embroideries are provided for therein, and no other enumerated fabric or article is modified by any such clause as that which modifies "nets and nettings," and while general provisions such as "all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles"; * * * and "by whatever name known, and to whatever use applied," apply to each and all of the enumerated articles, Congress has with care limited the clause "embroidered or otherwise" to "nets and nettings," and provided only for such "embroideries" as are "capable of conversion into burnt-out laces." It seems to us that Congress clearly intended to exclude all other embroideries and embroidered articles from the provisions of the first part of the paragraph. Expressio unius est exclusio alterius.

    *       *       *       *       *       *       *

Flouncings are eo nomine provided for in the first part of the paragraph under consideration, but certainly embroideries in the form of flouncings are not therein provided for. Nor is there any provision for "flouncings, embroidered or otherwise." Accordingly "embroidered flouncings," or "embroideries in the form of flouncings," are excluded from the first part of paragraph 1430, *supra*.

It will be observed that in the language quoted this court called specific attention to the fact that the Congress intended to include within the first duty provision of this paragraph certain kinds of embroideries or embroidered articles, namely, *embroideries capable of conversion into burnt-out laces* and *nets and netting, embroidered.* To this, of course, must be added, as provided in this language of the

paragraph, *all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles.* Plainly, the doctrine of expressio unius est exclusio alterius applies. The Congress having denominated certain forms of embroidery and embroidered articles which it desired to be included in the first duty provision, it logically follows that as to all other articles and things in this provision included, if embroidered, they should be relegated elsewhere, namely, to the second duty provision.

We adhered closely to this doctrine in *Pustet & Co.* v. *United States*, 13 Ct. Cust. Appls. 530, T. D. 41396, and *Glemby's Sons Co. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 533, T. D. 41397. In the first cited case, Smith, J., said:

> The first part of paragraph 1430 provides among other things for *embroideries capable of conversion into burnt-out laces and for nets and nettings embroidered.* Congress having expressly named the particular embroideries and embroidered fabrics upon which it intended to impose a duty of 90 per centum ad valorem, it must be assumed, under the rule of interpretation just cited and nothing to the contrary appearing, that it was not the legislative purpose to subject to the 90 per centum rate any embroideries or embroidered articles other than those actually specified either *eo nomine* or under designations which necessarily implied an embroidery or an embroidered fabric or article. *United States* v. *Smith & Co.*, 12 Ct. Cust. Appls. 384, 387, 388.

Nor can we find in *United States* v. *Field & Co.*, *supra*, so strongly relied upon by counsel for appellee, any departure from the rule announced in the cases above cited. Some confusion arises from the fact that in the case last cited the imported articles were embroidered curtains composed, in part, of net. It was there claimed that because they were so composed, whether embroidered or otherwise, they should be dutiable under the first duty provision. In speaking for the court, Barber, J., called attention to the following facts:

> The case has been well presented on each side. When it was argued here counsel for the Government contended that the term "lace window curtains" in (a) included window curtains made of net or netting. Counsel for importer controverted this claim, but in the course of the argument asked, and was granted, leave to further consider it and file a supplemental brief. In that brief counsel says, speaking of that contention—

> In our brief we were inclined to the opinion that net was not lace and that therefore a curtain of net was not comprehended by the term "lace window curtains." In view of the Government's further citations * * * we are inclined to the opinion that the Government is probably correct and that the term "lace window curtains" would include window curtains made of net or netting—

> and proceeded to discuss the case upon that basis.

> We adopt, for the purposes of this case, this interpretation of the term "lace window curtains" in (a).

The court then considered the case on the competition between "lace window curtains," embroidered, and "articles embroidered in any manner," and, basing its conclusions upon *United States* v. *Smith*,

*supra*, held that such articles should be held dutiable under the second duty provision of the paragraph. The imported articles being found to be lace window curtains, and, as such, *eo nomine* designated in the first duty provision of said paragraph, exactly the same method of reasoning required that they, if embroidered, be relegated to the second duty provision, as obtained in the proper classification of embroidered flouncings.

In the case at bar the articles imported are collars made of netting, embroidered. Collars not being *eo nomine* designated in the first duty provision of the paragraph, the case is not parallel to *United States* v. *Field, supra*, and the goods were properly classified by the collector under the 90 per centum provision of the paragraph. Considerable argument is offered to demonstrate that the goods in question are not articles made of "nets and nettings, embroidered." The theory advanced is that the imported collars were manufactured of several component materials, among which was netting, unembroidered; that the embroidery was placed upon the netting concurrently with the making of the collars and, hence, the netting never was embroidered. But as we view the case this is immaterial. If the collars were made, in part, of plain netting, this answers every requirement of the statute which specifies "embroidered or otherwise," that is, embroidered *or not*, as we have held in *United States* v. *Vandegrift*, 4 Ct. Cust. Appls. 226, T. D. 33438, and *United States* v. *Chesterton*, 15 Ct. Cust. Appls. 175, T. D. 42232.

The judgment of the court below is *reversed*.