UNITED STATES *v.* F. A. RAMIG Co. (No. 3232) [1]

United States Court of Customs and Patent Appeals, January 13, 1930

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.

*Comstock & Washburn* (*Edward P. Sharretts* of counsel) for appellee.

---

[1] T. D. 43809.

[Oral argument December 5, 1929, by Mr. Carter and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The merchandise here involved consists of flouncings. The designation was fixed by stipulation, the material portion of which reads as follows:

It is further stipulated and agreed that each of the above items is a flouncing composed in part of net, embroidered in the following manner:

In the manufacture of the said flouncing plain net cut to a width and length to fit the embroidery machine, is introduced into the embroidery machine, which proceeds to stitch the desired embroidery design or pattern; that the said embroidery design or pattern fixes with certainty the character and identity of the flouncing; that a number of flouncings are made at one time according to the size of the machine and the desired width of the flouncing; that as they come from the machine the flouncings are in the piece; that they are then cut apart and the edges trimmed of excess net, producing the flouncing as imported; that as the flouncings come from the embroidery machine in the piece they are unsuitable for any purpose other than flouncings and are finished except for cutting apart and trimming the edges as above described; that the piece in its entirety is not commercially capable of any other use; that the embroidery design or pattern is produced in the process of making the flouncings; that the net was not embroidered before entering into the fabrication of the flouncing; that no embroidering was added after the flouncing was completed.

Duty was assessed by the collector of customs at the rate of 90 per centum ad valorem under that portion of paragraph 1430 of the act of 1922 which reads:

PAR. 1430. Laces, * * * nets and nettings, embroidered or otherwise, * * * flouncings * * * and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics * * *.

Protest was made by the importer, a number of alternative claims being presented. The Customs Court, speaking through Mr. Justice Tilson, held the merchandise dutiable at 75 per centum ad valorem under that portion of paragraph 1430 which reads:

* * * embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery.

From the judgment of the Customs Court the Government has appealed to this court, and the issue is between those portions of paragraph 1430 above quoted.

In reaching its conclusion the Customs Court cited as authority four decisions of this court, viz: *United States* v. *Smith*, 12 Ct. Cust. Appls. 384, T. D. 40544; *Kayser & Co.* v. *United States*, 13 Ct. Cust. Appls. 474, T. D. 41367; *United States* v. *Field*, 15 Ct. Cust. Appls. 254, T. D. 42263; *United States* v. *Goldfrank*, 16 Ct. Cust. Appls. 340, T. D. 43081.

On the authority of these cited decisions that court declined to follow its own prior decision in the case of *Masson* v. *United States*, T. D. 43115, an unappealed decision, wherein merchandise similar to that at issue was involved. It is stated in the court's opinion that in deciding the *Masson* case they were guided by certain language used in the case of *United States* v. *Field*, 15 Ct. Cust. Appls. 254, T. D. 42263, wherein curtains were involved. The *Masson* case was decided by the Customs Court prior to our decision in the *Goldfrank* case.

It appears clearly from the stipulation that the embroidery design or pattern was produced in the manufacturing process; that the net which appears to have been, in a way, the base of the finished flouncing was not embroidered before the process of manufacture; and that no embroidering was added after the flouncing had been brought to its finished stage as imported.

In the *Goldfrank* case, *supra*, this court, speaking through Presiding Judge GRAHAM, reviewed several cases theretofore arising under paragraph 1430. It was there said:

The involved language of paragraph 1430 has, heretofore, given us some concern and has been before us several times for construction. We believe, however, the judgments of this court in respect to the issues involved in the case at bar have been consistent and plainly indicate the proper determination thereof.

In a subsequent part of the opinion, after quoting from the prior case of *United States* v. *Smith & Co.*, *supra*, the court said:

It will be observed that in the language quoted this court called specific attention to the fact that the Congress intended to include within the first duty provision of this paragraph certain kinds of embroideries or embroidered articles, namely, *embroideries capable of conversion into burnt-out laces* and *nets and netting, embroidered*. To this, of course, must be added, as provided in this language of the paragraph, *all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles*. Plainly, the doctrine of *expressio unius est exclusio alterius* applies. The Congress having denominated certain forms of embroidery and embroidered articles which it desired to be included in the first duty provision, it logically follows that as to all other articles and things in this provision included, if embroidered, they should be relegated elsewhere, namely, to the second duty provision.

After so holding, the court distinguished the merchandise involved in the case before it from the flouncings which were at issue in the *Smith & Co.* case, *supra*, and which were held through Judge HATFIELD not to fall under the first part of paragraph 1430 in the following words:

Flouncings are *eo nomine* provided for in the first part of the paragraph under consideration, but certainly embroideries in the form of flouncings are not therein provided for. Nor is there any provision for "flouncings, embroidered or otherwise." Accordingly "embroidered flouncings," or "embroideries in the form of flouncings" are excluded from the first part of paragraph 1430, *supra*.

In *Kayser* v. *United States*, 13 Ct. Cust. Appls. 474, T. D. 41367, we said:

It is wholly immaterial whether embroidery is placed on an article before or after it is completed for the purpose of determining whether or not the article is "embroidered."

We do not feel that appellant has differentiated the question here involved from those presented in the cases upon the authority of which the Customs Court rested its decision. We think those cases gave the correct construction to the statute and that the merchandise involved was properly classified by the Customs Court. Its judgment is, therefore, *affirmed*.

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter*, special attorney, of counsel), for the United States.

