UNITED STATES *v.* MARSHALL FIELD & Co. (No. 3374)[1]

United States Court of Customs and Patent Appeals, March 25, 1931

*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.

*James W. Bevans* for appellee.

[Oral argument February 4, 1931, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

In this suit the Government has appealed from a decision of the United States Customs Court, sustaining protest by appellee against

---

[1] T. D. 44761.

the collector of customs' classification and assessment at 90 per centum ad valorem, under the first part of paragraph 1430, Tariff Act of 1922, of certain lace panels. Importer's claim, which the Customs Court sustained, is that they should be assessed at 75 per centum under the second part of said paragraph.

In its decision the Customs Court said:

An examination of the sample in evidence satisfies us that it is a curtain, and the evidence shows that it is composed of embroidered net. We, therefore, hold the merchandise covered by this protest to be properly dutiable at the rate of 75 per centum ad valorem under the latter part of paragraph 1430 of the Tariff Act of 1922 as embroidered articles, as claimed by the plaintiffs. *United States* v. *Field*, 15 Ct. Cust. Appls. 254, T. D. 42263, and *United States* v. *Ramig*, 17 C. C. P. A. (Customs) 365, T. D. 43809, cited and followed.

It is argued before us, on behalf of the Government, that there was no oral testimony in the case; that the report of the appraiser and a sample of the merchandise comprised all the evidence which the Customs Court had before it, and that the expression in the opinion, *supra*—"the evidence shows"—is inapt "because the record appears to be silent as to evidence which would justify the said decision."

The Government's brief concedes the "importance and potent effect of samples of merchandise in the trial of a case" to be well recognized, but insists that, in the instant case, in view of the fact that the merchandise was invoiced as "embroidered filet lace panels" and "received dutiable classification by the collector * * * as 'lace panels made of filet net * * *,' or as 'articles composed of net * * *,'" and, in view of the further fact that importer did not introduce any evidence, except the sample itself, to prove either that the classification was wrong or that his contention was correct, the Customs Court was not justified in holding the article to be a "'curtain' (more particularly, a lace window curtain)."

It is conceded that, if the finding of fact by the Customs Court as to what the article is be correct, the protest was properly sustained, and the judgment should be affirmed. But if this finding be not correct, or if the evidence presented to prove it be held insufficient *prima facie* to overcome the presumption of correctness attaching to the collector's classification, then, the Government insists, the issue is controlled by our decision in *United States* v. *Goldfrank & Co.*, 16 Ct. Cust. Appls. 340, T. D. 43081, and the judgment should be reversed.

Our first concern, therefore, is with the question of the sufficiency of the evidence to sustain the finding of fact.

It does not appear from the record which of the parties asked for, or moved, the introduction of the appraiser's report. The record only shows "Apprs. report admitted by consent" inserted, apparently with a rubber stamp, at page 5. The first opinion of the court

below (there having been a rehearing at the instance of the Government and a second opinion in the case) states: "The appraiser's report was admitted by consent and the case submitted for decision."

In his brief counsel for appellee states, relative to the appraiser's report:

This description was made a part of the record by Mr. Winter, who tried the case for Marshall Field & Co., and the incorporation of such description as evidence was agreed to by Government counsel.

This statement has not been controverted in the argument before us, and it is assumed that appellee caused it to be introduced as supporting its contention.

At any rate, the appraiser's report is in evidence and reads as follows:

The merchandise consists of lace panels made of filet net with an embroidered design or pattern thereon. Advisorily returned for duty under paragraph 1430 at 90 per centum as lace articles. If not dutiable as laces (see T. D. 40544), they are still dutiable at 90 per centum same paragraph as "articles composed of net, embroidered" (R. 4–5).

The sample itself constitutes the only other evidence presented.

Appellee argues "that the article is an embroidered lace panel," and, by reason of the appraiser's report being admitted by consent, "that the description became the agreed description of the imported merchandise." It further argues:

The sample very clearly discloses the character of the imported article. It is a lace window curtain of the character which has been used in recent years to a very large extent—namely, a curtain of a size to hang flat against the window. The size and general form of the sample indicate clearly that it is a lace curtain of this character.

The sample was exhibited before us during the oral argument and has been since further examined by us. It is 2½ yards long, 1⅓ yards wide, and conforms to the appraiser's description as to material and embroidery.

The Customs Court, having only the recited evidence before it, evidently drew upon its experience and observation in life, as courts must frequently do, and, taking the impression derived from its inspection of the sample, in connection with the appraiser's statement, made its finding that the article "is a curtain * * * composed of embroidered net."

This court has no knowledge derived from its own observation and experience which causes us to entertain any view different from that of the court below as to what the article is.

It may be conceded that oral testimony might have been presented which would have greatly aided the court in determining the question, but such testimony was not presented, and, like the court below, we

must decide the issue upon such evidence as the parties have seen fit to offer.

It is the law that the collector's classification is presumed to be correct, and the burden of proof rests upon a protestant to show the contrary. It is also the law that the collector's classification "is not to be regarded as having evidential value, and can not be weighed against the evidence of the party challenging the correctness of his finding." This court so stated in an opinion by Associate Judge Bland in *Morse Bros. (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 553, 562, T. D. 41432, wherein it was also said:

The importers having assumed the burden of overcoming the presumption and having introduced testimony making a *prima facie* case controverting the presumed facts, then the presumption attaching to the collector's finding falls. Then if the evidence supporting the importers' contention outweighs the evidence supporting the collector's position, the importers are entitled to a decision in their favor.

Here we think the evidence contained in the examiner's statement plus the evidence of the sample itself, justified, in the absence of anything further, the Customs Court's finding. We at least are unable to find in the record anything from which we deduce a conclusion that said finding was erroneous. A *prima facie* showing was made by protestant sufficient to require rebuttal by the Government.

The issue is, therefore, controlled by the cases cited, *supra*, by the Customs Court, and its judgment is *affirmed.*