UNITED STATES *v.* BEYDA FRANCO CO. (No. 3748)[1]

---

[1] T. D. 47426.

United States Court of Customs and Patent Appeals, December 10, 1934

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *William H. Futrell*, special attorney, of counsel), for the United States.

*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.

[Oral argument October 5, 1934, by Mr. Lawrence and Mr. Isenschmid]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain imported articles dutiable as embroidered laces at 75 per centum ad valorem under the second part of paragraph 1430 of the Tariff Act of 1922, rather than as articles composed in part of lace, or of net, embroidered or otherwise, at 90 per centum ad valorem under the first part of that paragraph, as assessed by the collector at the port of New York.

The paragraph, so far as pertinent, reads:

PAR. 1430. Laces, * * * nets and nettings, embroidered or otherwise, * * * ornaments; * * * and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished * * *, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, * * * 90 per centum ad valorem; embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, * * * 75 per centum ad valorem.

The cause was submitted to the court below on a stipulation entered into by counsel for the parties, wherein it was agreed that Exhibit 1, hereinafter more particularly described, should be received in evidence as representative of the involved merchandise. It was further stipulated—

That the said merchandise, exhibit 1, so received in evidence, was made by assembling and sewing together according to a preconceived design, (a) pieces of lace not embroidered, (b) pieces of embroidered net, and (c) pieces of cotton fabric embroidered; each of said pieces form an essential and substantial part of the completed article in its condition as imported, and the finished article, Exhibit 1, so assembled and sewed together is known as "Normandy lace."

The protest herein may be deemed submitted for decision upon this stipulation and exhibit 1.

It is clear from the stipulation that Exhibit 1, which is representative of the involved merchandise, was known as "Normandy lace"; that it was made "according to a preconceived design" by sewing together three separate and distinct pieces of material; to wit, pieces of lace not embroidered, pieces of embroidered net, and pieces of cotton fabric embroidered; and that each of those pieces of material forms an essential and integral part of the exhibit.

The court below, in an opinion by Tilson, P. J., stated, among other things, that it is "conceded that the merchandise in question is a lace." The court held that, in their condition as imported, the involved laces were embroidered, and that, therefore, in view of the decisions of this court in the cases of *Kayser & Co.* v. *United States,* 13 Ct. Cust. Appls. 474, T. D. 41367, and *United States* v. *F. A. Ramig Co.,* 17 C. C. P. A. (Customs) 365, T. D. 43809, they were dutiable as embroidered articles at 75 per centum ad valorem under the second part of paragraph 1430.

Counsel for the Government contend that the imported articles consist of three separate and complete articles of commerce—lace, embroidered cotton cloth, and embroidered net—any one of which might be used for various commercial purposes. We quote from their brief:

From an inspection of the importation in question (Exhibit 1), it seems quite apparent that it is neither solely a lace article, nor an embroidered article, nor an embroidered net article, but is composed of all three. It would seem that neither of the component articles dominates or carries the other, or is unimportant. They all appear to be essential to make the article what it is. We submit that we must accept the merchandise in its entirety. If the article in its imported condition is equally provided for in the first and second parts of paragraph 1430, then, following the familiar rule which the courts have enunciated, the higher rate of duty must prevail.

It is further contended by counsel for the Government that the decision in the case of *United States* v. *Goldfrank & Co.,* 16 Ct. Cust. Appls. 340, T. D. 43081, is controlling of the issues here, and that the judgment of the court below should be reversed.

It is contended by counsel for appellee that the imported articles are conceded to be laces; that, as such, they are *eo nomine* provided for in the first part of paragraph 1430; that two of the component parts of the involved articles, that is, the net and the cotton fabric, are conceded to be embroidered; that it is obvious from an inspection of Exhibit 1, and from the stipulation, that, in their condition as imported, the involved laces were embroidered; that, therefore, they are dutiable as embroidered articles under the second part of paragraph 1430 at only 75 per centum ad valorem, in accordance with the decisions of this court in the cases of *United States* v. *Smith & Co.,* 12 Ct. Cust. Appls. 384, T. D. 40544; *United States* v. *Field & Co.,* 15 Ct. Cust. Appls. 254, T. D. 42263; *United States* v. *F. A. Ramig*

*Co., supra;* and that the issues in this case are clearly distinguishable from those involved in the case of *United States* v. *Goldfrank & Co., supra.*

Counsel for appellee further contend that if the involved articles are not dutiable under the second part of paragraph 1430 as laces, embroidered, they are dutiable thereunder as unfinished laces, embroidered, in accordance with the decision of this court, on rehearing, in the case of *United States* v. *Case & Co.,* 20 C. C. P. A. (Customs) 185, T. D. 45979, where it was held that unfinished lace, embroidered, was dutiable under the second part of paragraph 1430.

Relative to the application of the doctrine announced in that case to the facts in the case at bar, counsel for appellee state in their brief that—

Applying the test of the removal of the embroidery from Exhibit 1 in the case at bar, it is manifest that what remains is an *unfinished* lace, or, strictly speaking, an unfinished lace article. The stipulation herein states (R. 6) "each of said pieces form an *essential* and substantial *part* of the *completed article* in its condition as imported." Hence, if the *embroidery* were removed from Exhibit 1, an incomplete or unfinished lace article would remain. In any view of the case, therefore, if the *embroidery* were removed, what remained would be an unfinished lace article, within the reasoning and holding in he *Case & Co.* case, *supra,* which would seem to be tantamount to a holding th t, if lace is embroidered in its imported condition, it is immaterial to inquire how or when the embroidery was placed upon it.

There is nothing of record to support the suggestion of counsel for the Government that the component parts of the involved articles, that is, the pieces of lace, the pieces of embroidered net, and the pieces of embroidered cotton fabric, were ever used, either individually or in combination, for any commercial purpose other than as component parts of the involved merchandise.

The parties stipulated that the involved articles were known as "Normandy lace."

The trial court and counsel for appellee were of opinion that it was the intention of the parties to stipulate that the involved articles were, in fact, laces, and we find no statement in the brief of counsel for the Government to indicate that such was not their understanding. However, at the time of oral argument in this court, the question was raised by counsel for the Government as to whether the articles were, in fact, laces. We find nothing of record to indicate that they are not. If counsel for the Government were of opinion, at the time the stipulation was entered into, that, although known as "Normandy lace", the articles were not, in fact, laces, the trial court should have been advised of that fact. We conclude, therefore, that the trial court was right in construing the stipulation to mean that the involved articles were not only known as "Normandy lace", but were, in fact, laces, and, as such, *eo nomine* provided for in the first part of paragraph 1430.

In the case of *United States* v. *Goldfrank & Co.*, *supra*, this court considered the dutiable status of "ladies' embroidered collars," composed in part of netting. The court there reviewed the decisions in the cases of *United States* v. *Smith & Co.*, *supra; Pustet & Co.* v. *United States*, 13 Ct. Cust. Appls. 530, T. D. 41396; *Glemby's Sons Co., Inc.* v. *United States*, 13 Ct. Cust. Appls. 533, T. D. 41397; *United States* v. *Field & Co.*, *supra*, and so clearly pointed out the difference between the issues there involved and those involved in the cases cited and reviewed, that we deem it unnecessary to do so here. The court there held that, inasmuch as ladies' collars were not *eo nomine* provided for in the first part of paragraph 1430, the cases cited and reviewed were not controlling of the issues in that case, and that as the collars were composed in part of netting, they were dutiable under the first part of paragraph 1430 at 90 per centum ad valorem, whether or not embroidered.

We agree with the contention of counsel for appellee that a proper construction of the quoted stipulation is that each of the three separate and distinct pieces of material, of which the imported laces are composed, is an essential and integral part thereof. Accordingly, if the embroidery stitches were removed from either the pieces of net or the pieces of cotton fabric, or from both, the imported articles would not be finished, but unfinished, laces.

However, as imported, the involved articles were not unfinishe', but finished, laces. That was true, also, of the lace articles involved in the case of *United States* v. *Case & Co.*, *supra*. The court was obviously right in that decision in holding that if unfinished laces were embroidered, they were dutiable under the second part, rather than under the first part, of paragraph 1430. The difficulty with our decision in that case is that we considered the laces there involved as unfinished, when, as a matter of fact, they were finished, and as they owed their existence as laces to embroidery, we should have adhered to our original decision in that case—20 C. C. P. A. (Customs) 1, T. D. 45590—where it was held that as the embroidery was necessary to give the articles the character of laces, the laces were not embroidered within the purview of the provisions of the second part of paragraph 1430.

We are of opinion that the issues in the case at bar are controlled by our original decision in the case of *United States* v. *Case & Co.*, *supra*, and that the involved articles are dutiable under the first part of paragraph 1430, *supra*, at 90 per centum ad valorem.

The judgment is *reversed*.