501

No. 39928.—Protests 365248–G, etc., of Leon Kargere et al. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel the merchandise in question was held dutiable as follows: (1) articles or fabrics in chief value of artificial silk similar to the merchandise passed upon in Abstract 37230 at 60 percent under paragraph 31; (2) embroidered articles in part of lace or trimmings the same as those passed upon in *Glemby's* v. *United States* (13 Ct. Cust. Appls. 533, T. D. 41397) at 75 percent under paragraph 1430; and (3) artificial flowers at 60 percent under paragraph 1419, *Robinson-Goodman* v. *United States* (17 C. C. P. A. 149, T. D. 43473) followed.

No. 39929.—Protests 596028–G, etc., of Acme Textile, Inc., et al. (New York).

Opinion by TILSON, J. As there was nothing to warrant disturbing the action of the collector the protests were dismissed following the authorities cited in Abstract 15400.

No. 39930.—Protest 783605–G of James, Inc. (New York).

Opinion by KINCHELOE, J. There was testimony that the paper in question had no names or words printed on it and is used in wrapping salt water toffee. The claim at 3 cents per pound and 15 percent ad valorem under paragraph 1405 was therefore sustained. Abstract 39765 followed.

No. 39931.—Protest 907413–G of Wolfsheim & Sachs, Inc. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise consists of ring boxes, jewelry boxes, and similar merchandise composed of a foundation of paper, paper board, papier mâché or wood and covered or lined with cotton velvet similar to the merchandise the subject of Abstract 27915. The claim at 5 cents per pound and 20 percent ad valorem under paragraph 1405 was therefore sustained.

No. 39932.—Protests 926393–G (B), etc., of Eugene Dietzgen Co., Inc. (New York).

Opinion by KINCHELOE, J. On the authority of *Perseverance Import Corp.* v. *United States* (T. D. 49290) the protests were sustained.