This provision is contained in title IV of said revenue act, section 601 (c) (7). Evidently this is the provision under which the 3 cents per pound was levied. The presumption necessarily follows that copper in alloys was the component material of chief value in the merchandise and therefore the assessment of 3 cents per pound was justified. The plaintiff has not attempted to dispute this fact.

The plaintiff has not introduced any proof of the erroneousness of this 3 cents per pound duty or tax. Being presumptively correct it will stand. The claim added by amendment "that the liquidation of the protested merchandise was illegal, null, and void," etc., is overruled.

As to the claim in the protest as originally filed that the merchandise "should be classified at 60% under paragraph 1552": This provision relates to smokers' articles and parts thereof, not specially provided for. Presumptively the merchandise was properly classified by the collector. Plaintiff has not attempted to overcome this presumption; nor have we a scintilla of proof to establish that these articles are smokers' articles of the kind covered by paragraph 1552.

The protest is overruled. Judgment for defendant.

BEFORE THE SECOND DIVISION, DECEMBER 2, 1938

No. 39987.—Protests 445915–G, etc., of L. A. Consmiller, Inc., et al. (New York).

Opinion by TILSON, J. Articles in chief value of cellulose filaments similar to those involved in Abstract 37230 were held dutiable at 60 percent under paragraph 31 as claimed.

No. 39988.—Protest 35041–G of Wilkin & Adler (New York).

Opinion by TILSON, J. It was stipulated that the merchandise is the same as that involved in Pustet v. United States (13 Ct. Cust. Appls. 530, T. D. 41396). The claim at 75 percent under paragraph 1430 was therefore sustained.

No. 39989.—Protests 671632–G, etc., of Abraham & Straus, Inc., et al. (New York).

Opinion by TILSON, J. From the record it was found that the merchandise consists of outerwear in chief value of wool similar to that involved in United States v. International Clearing House (24 C. C. P. A. 117, T. D. 48416). It was held dutiable at the appropriate rate under paragraph 1114 as claimed.

No. 39990.—Protests 672286–G, etc., of I. Magnin & Co., Inc. (New York).

Opinion by TILSON, J. From the record it was found that the merchandise consists of outerwear in chief value of wool similar to that involved in United States v. International Clearing House (24 C. C. P. A. 117, T. D. 48416). It was held dutiable at the appropriate rate under paragraph 1114 as claimed.