UNITED STATES *v.* SMITH & Co. (No. 2322).[1]

1. CONSTRUCTION, PARAGRAPH 1430, TARIFF ACT OF 1922—EXCEPTION TO
POLICY OF TAXING LUXURIES AT HIGHER RATE—EMBROIDERY.

While it has long been the manifest policy of Congress to levy a higher
tariff on luxuries and more highly manufactured articles, there are exceptions
to the rule. Such an exception is to be found in paragraph 1430, tariff act of
1922, which taxes some embroideries and embroidered articles embraced
within the last part of the paragraph at a lower rate than the cheaper and less
highly manufactured "laces, lace window curtains, * * * veils, veilings,
flouncings," of the first part.

2. CONSTRUCTION, PARAGRAPH 1430, TARIFF ACT OF 1922—RELATIVE SPECI-
FICITY—EMBROIDERED FLOUNCINGS.

With reference to *embroidered* flouncings, the provision in paragraph 1430,
tariff act of 1922, for "flouncings" is less specific than the one for "embroid-
eries not specially provided for, and all fabrics and articles embroidered
in any manner * * * by whatever name known, and to whatever use
applied."

3. EMBROIDERED FLOUNCINGS.

*Embroidered* flouncings are not classifiable under paragraph 1430, tariff act
of 1922, as "flouncings," at 90 per cent ad valorem, but as "embroideries" at
75 per cent.

United States Court of Customs Appeals, November 28, 1924

APPEAL from Board of United States General Appraisers, G. A. 8684 (T. D. 39799)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Samuel M. Richardson* and
*Charles D. Lawrence,* special attorneys, of counsel), for the United States.
*Allan R. Brown* for appellees.
*De Vries & Doherty (Thomas J. Doherty* of counsel) amici curiæ.

[Oral argument Mar. 18, 1924, by Mr. Lawrence, Mr. Brown, and Mr. Doherty]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

[Oral reargument Oct. 16, 1924, by Mr. Lawrence, Mr. Brown, and Mr. Doherty]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of embroidered
flouncings or embroideries in the form of flouncings.

The case was submitted to the Board of General Appraisers on the
record, the appraiser's report, and a stipulation entered into by
counsel.

The invoice describes the merchandise as "embroidered cotton
cloth."

---

[1] T. D. 40544.

The appraiser's report reads as follows:

The merchandise in question consists of embroideries in the form of insertings, allovers, edgings, flouncings, etc., composed of cotton. It was returned for duty at 90 per cent ad valorem under the eo nomine provision for such merchandise in paragraph 1430 of the act of 1922.

The pertinent part of the stipulation reads as follows:

It is hereby stipulated and agreed between counsel that the sample herewith marked "20" correctly represents the merchandise invoiced as "embroidered cotton cloth," including the width of the merchandise as imported, and that same may be received in evidence and marked "Exhibit 1." * * *

The question presented by the record for consideration by this court involves the construction of paragraph 1430 of the tariff act of 1922, to determine whether embroideries in the form of flouncings or embroidered flouncings are properly classifiable as "flouncings" under the first part of that paragraph, or as "embroideries not specially provided for," or "fabrics or articles embroidered in any manner," in the latter part thereof.

Paragraph 1430 of the tariff act of 1922 reads as follows:

PAR. 1430. Laces, lace window curtains, burnt-out laces and embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine or lace machine; and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, 1406, and 1424 of this Act), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213 of this Act, 90 per centum ad valorem; embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliqued, scalloped, or ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem.

The Government contends that the eo nomine provision for "flouncings," contained in the first part of paragraph 1430, supra, is more specific than the provision for "embroideries not specially provided for, and all fabrics and articles embroidered in any manner" contained in the latter part of the paragraph, and that the mer-

chandise is therefore properly dutiable under the eo nomine provision for flouncings at 90 per cent ad valorem.

The importers contend that the special provision in the first part of the paragraph for "embroideries capable of conversion into burnt-out laces," and the modifying clause "embroidered or otherwise" applying specially to "nets and nettings," and to no other article or fabric enumerated therein, exclude all other embroideries and embroidered articles and fabrics therefrom, under the principle of expressio unius est exclusio alterius.

It is claimed that the merchandise is described in the latter part of the paragraph by the language "embroideries not specially provided for," and "all fabrics and articles embroidered in any manner."

It is denied by the importers that the question of relative specificity is involved in the case, for the reason that embroidered flouncings are not covered by the first part of the paragraph.   However, should it be determined that the question of relative specificity is involved in the case, the importers contend that the merchandise is more aptly and specifically described in the latter part of paragraph 1430, supra, by the provisions for "embroideries not specially provided for" and "all fabrics and articles embroidered in any manner" * * *.

The Board of General Appraisers held that the merchandise was more specifically provided for in the latter part of paragraph 1430, supra, by the language "all fabrics and articles embroidered in any manner, * * * by whatever name known," and were properly dutiable at 75 per cent ad valorem.

It is an established policy in tariff legislation and one usually adhered to by Congress in enacting tariff schedules, that articles of luxury shall be subjected to higher rates of duty than those articles classed as necessary to the ordinary comforts of life; that more expensive articles of the same class, that is, those in a more advanced state of manufacture, shall be subjected to higher rates of duty, than those less advanced.—Movius v. Arthur (95 U. S. 144, 147); United States v. Riggs (203 U. S. 136); United States v. Wells, Fargo & Co. (1 Ct. Cust. Appls. 158, 164, 165; T. D. 31211).

In the construction of a statute and in the interpretation of the words and phrases therein, this policy should be considered, together with other rules of statutory construction, the ultimate purpose being to ascertain the legislative intent.

It has been said in effect by this court, that where language used to express the legislative intent warrants an interpretation entirely in accord with such policy, it should receive such an interpretation.—United States v. Grasselli Chemical Co. (5 Ct. Cust. Appls. 320, 322; T. D. 34527).

That Congress has authority to make exceptions to such policy is evident, and where language is used which will not warrant an inter-

pretation in accord with the usual policy governing tariff legislation, obviously it should not receive such an interpretation. We may assume that Congress, acting upon information considered by it sufficient, which may not be available to this court, intended to make an exception to such general policy.

With these observations in mind we turn to the history of tariff legislation affecting the articles, fabrics, and classes of merchandise included within the provisions of paragraph 1430, supra, and we find that laces, flouncings, embroideries and embroidered articles, and the other articles enumerated in paragraph 1430, supra, have been grouped together in the various tariff acts and made dutiable at the same rate of duty.

Paragraph 373 of the tariff act of 1890 provides for laces, edgings, embroideries, insertings, * * * and articles embroidered by hand or machinery, * * * at the same rate of duty. It also contained a provision that "articles of wearing apparel" and "textile fabrics," when embroidered, should "not pay a less rate of duty than that fixed by the respective paragraphs and schedules of this act upon embroideries of the materials of which they were composed."

In paragraph 276 of the tariff act of 1894 embroideries and embroidered articles are grouped with laces, etc., at the same rate of duty.

In paragraphs 339 of the tariff act of 1897, 349 of the tariff act of 1909, and 358 of the act of 1913 laces, * * * flouncings, * * * embroideries, and embroidered articles are grouped together at the same rate of duty.

The act of 1897 also provided:

That no wearing apparel or other article or textile fabric, when embroidered by hand or machinery, shall pay duty at a less rate than that imposed in any schedule of this Act upon any embroideries of the materials of which such embroidery is composed.

The act of 1909 provided:

That no article or fabric of any description, composed of flax or other vegetable fiber, or of which these materials or any of them is the component material of chief value, when embroidered by hand or machinery, or having hand or machinery embroidery thereon, shall pay a less rate of duty than that imposed in this section upon any embroideries of the materials of which such embroidery is composed.

In paragraph 1430, supra, however, in plain and concise language and with deliberate purpose Congress has provided for "embroideries," with certain exceptions, and for fabrics and articles embroidered in any manner, except embroidered nets and nettings, at a lower rate of duty than that provided for "laces, lace window curtains, * * * veils, veilings, flouncings." * * * Manifestly this change was not made inadvertently.

Why expensive embroideries should pay a less rate of duty than less expensive articles is not for this court to determine; it is for us rather to interpret the will of Congress, than to usurp its province, by writing amendments to its enactments.

The first part of paragraph 1430, supra, provides for "embroideries capable of conversion into burnt-out laces" and such as may be described by some other name and included in the eo nomine mentioned articles, and "nets and nettings embroidered or otherwise." No other embroideries are provided for therein, and no other enumerated fabric or article is modified by any such clause as that which modifies "nets and nettings," and while general provisions such as "all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles;" * * * and "by whatever name known, and to whatever use applied," apply to each · and all of the enumerated articles, Congress has with care limited the clause "embroidered or otherwise" to "nets and nettings," and provided only for such "embroideries" as are "capable of conversion into burnt-out laces." It seems to us that Congress clearly intended to exclude all other embroideries and embroidered articles from the provisions of the first part of the paragraph. Expressio unius est exclusio alterius.

The correctness of this conclusion seems to be verified by the provisions of the latter part of the paragraph for "embroideries not specially provided for, and for all fabrics and articles embroidered in any manner by hand or machinery * * * by whatever name known, and to whatever use applied." * * *

In the first part of paragraph 1430, supra, there is a provision for "embroideries capable of conversion into burnt-out laces," and such as may be described by some other name and included in the eo nomine mentioned articles, dutiable at 90 per cent ad valorem. In the latter part of that paragraph there is a provision for "embroideries not specially provided for," at 75 per cent ad valorem.

In the first part of the paragraph there is a provision for "nets and nettings embroidered or otherwise," dutiable at 90 per cent ad valorem, and in the latter part of the paragraph a provision for, * * * "all fabrics and articles embroidered in any manner, * * * by whatever name known, and to whatever use applied," * * * at 75 per cent ad valorem.

Flouncings may or may not be embroidered. Embroidery is not an indispensable requisite or characteristic of a flouncing.

Flouncings are eo nomine provided for in the first part of the paragraph under consideration, but certainly embroideries in the form of flouncings are not therein provided for. Nor is there any provision for "flouncings, embroidered or otherwise." Accordingly "embroidered flouncings," or "embroideries in the form of flouncings" are excluded from the first part of paragraph 1430, supra.

But should there be any doubt about the construction thus placed upon the paragraph, and if the doctrine of "relative specificity" be applied to determine the dutiable status of the merchandise in question, it would seem to us that the provision in the latter part of the paragraph for "embroideries not specially provided for, and all fabrics and articles embroidered in any manner * * * by whatever name known, and to whatever use applied" * * * is more specific for merchandise described, as "embroideries in the form of flouncings, or embroidered flouncings," than the eo nomine provision for "flouncings, * * * and all fabrics and articles composed in any part, however small, or any of the foregoing fabrics or articles; * * * by whatever name known and to whatever use applied."

The provisions in the latter part of the paragraph include "embroidered flouncings, or embroideries in the form of flouncings," unless the eo nomine provision for "flouncings" in the first part of the paragraph more aptly and more specifically describes the merchandise.

It is equally true that a comprehensive provision for "flouncings, * * * by whatever name known and to whatever use applied," * * * if not qualified by appropriate expression, includes every kind and form of flouncings, regardless of its name, or the use to which it is applied, unless some special class or classes of flouncings are more aptly provided for by a competing provision of the tariff act.

The merchandise involved in this case consists of "embroideries in the form of flouncings or embroidered flouncings," a special class, kind, or character of flouncings, and it is particularly and with great care provided for in the latter part of the paragraph, by a provision, not for "flouncings," generally, but for a special kind and class of "flouncings," and it seems to us it is more aptly and specifically provided for therein.

The fact that the flouncings are *embroidered* or are *embroideries* in the form of flouncings determines their dutiable status.

Smith & Co. *v.* United States (5 Ct. Cust. Appls. 40, 42; T. D. 34008).

This case has been very carefully prepared and ably presented by counsel for the Government, counsel for the importers, and by amici curiae.

We have examined all of the authorities cited by counsel and considered all of the matters presented with the care that the importance of the case merits.

We concur in the conclusion reached by the Board of General Appraisers, and accordingly the judgment of the Board of General Appraisers is *affirmed.*