UNITED STATES *v.* CASE & Co. (No. 3470)[1]

United States Court of Customs and Patent Appeals, April 4, 1932

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna* and *Ralph Folks,* special attorneys, of counsel), for the United States.
*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[Oral argument February 8, 1932, by Mr. Folks and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:[2]

The collector at the port of New York, having found that certain trimmings and laces were not embroidered, classified the same under the first part of paragraph 1430 of the Tariff Act of 1922 and assessed duty thereon at 90 per centum ad valorem.

The importer protested the classification, claiming the same to be embroidered and dutiable under the second portion of said paragraph at 75 per centum, or under paragraph 31 of the same act at 60 per

---

[1] T. D. 45590.   [2] See Decision on Rehearing p. 185.

centum. Appellee in the court below and here relies solely on the claim that the merchandise is dutiable under the second provision of paragraph 1430.

Paragraph 1430 is as follows:

PAR. 1430. Laces, lace window curtains, burnt-out laces and embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine, or lace machine; and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, 1406, and 1424 of this Act), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213 of this Act, 90 per centum ad valorem; embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, scalloped, or ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem.

The United States Customs Court sustained the protest of appellee as to the merchandise at bar and held the same to be dutiable at 75 per centum under the latter part of paragraph 1430, *supra.*

The portion of the importation with which we are here concerned is represented by Exhibits 1, 2, 3, and 4. All exhibits are small pieces cut from fabrics which are dealt in by the yard.

Exhibit 1 consists of two pieces of bright-colored fabric upon which certain figures are embroidered with metal and silk threads. They are shown to be used only for trimming garments—as on the cuffs and collars of dresses, and for trimming bags.

Exhibit 2 consists of two pieces of what is called Princess lace, sometimes called Shiffli lace. The lace is made upon a foundation of net upon which has been sewed braid, certain characters in the forms of leaves and dots, and other figures known as Shiffli wheels, Shiffli rings, and Shiffli spiders. The superimposed figures or characters, before being attached to the fabric, are made on the Shiffli machine and are sold by the yard, and appear, as one witness described them, in the same form as that of a link of sausage, and are so made as to be easily cut into separate figures when desired. In addition to the above-described superimposed figures, each of the laces represented

by Exhibit 2 contains certain embroidered dots and one item contains embroidery stitching. .The dots further ornament the article, and the stitching serves the purpose of connecting the leaves and other parts of the plant or flower figures on the article. It is conceded by all that the dots and the inserted threads referred to constitute embroidery. It is also conceded that the Shiffli articles which are sewed to the netting do not constitute embroidery.

Exhibit 3 consists of 10 samples of Princess lace, some of which have burnt-out portions and all of which contain embroidery stitching of the same character as is above referred to in describing Exhibit 2. The dots thereon are not made by embroidering, but are first made and then sewed to the netting.

Exhibit 4, as far as the issue here is concerned, is Princess lace of the same character as Exhibits 2 and 3. Exhibit 4 contains more burnt-out portions than most of the other exhibits, and the embroidered figures are more elaborate and are done in silk or artificial silk.

The Government's brief discusses only the proper dutiable classification of the lace and expressly confines the issue presented to the lace. No mention is made of the trimmings, and we will regard the appeal as to the trimmings abandoned.

The court below, on the authority of *United States* v. *Smith & Co.,* 12 Ct. Cust. Appls. 384, T. D. 40544; *United States* v. *F. A. Ramig Co.,* 17 C. C. P. A. (Customs) 365, T. D. 43809; and *United States* v. *H. A. Caesar & Co.,* 18 C. C. P. A. (Customs) 106, T. D. 44067, held that the merchandise at bar was embroidered, and dutiable under the second provision of paragraph 1430. As to the goods at bar the importer's protest was sustained and as to other goods in the importation, not involved here, the protest was overruled.

In *United States* v. *Smith, supra,* this court held that if an article *eo nomine* provided for in the first part of the paragraph was embroidered, it would be dutiable under the second part of the paragraph. The reasons which brought this court to that conclusion need not be discussed here, since they are fully discussed in that case and in other cases involving the same issue, subsequently decided.

As we see it, the case at bar presents this question: Does the rule laid down in the *Smith* case, *supra,* control if the embroidered article is made to respond to the *eo nomine* term used in the first part of the paragraph by virtue only of the embroidery placed thereon? In other words, if the articles are not laces without the embroidery stitching, does the rule in the *Smith* case apply?

The Government states the issue as follows:

The issue in this case resolves itself into the question as to whether or not the term "laces" as used by Congress in the first part of paragraph 1430, *supra,* embraces all types of laces, including those known as Princess laces which owe their existence as laces solely to an embroidery design.

The importer grounds its contention upon the proposition that Princess lace may be made and is made without any embroidery stitching, and by merely sewing upon net certain superimposed figures. It has introduced in evidence illustrative Exhibit A, which is such a lace, and which admittedly contains no ornamental stitching. The exhibits with which we are now concerned contain, in different form and arrangement, all that illustrative Exhibit A contains and in addition contain the embroidery stitchings to which reference is hereinbefore made.

It seems to us that in order for the rule in the *Smith* case, *supra*, to apply the article must be *eo nomine* provided for in the first part of the paragraph when considered without regard to the embroidery it contains. Apropos of this conclusion, the following inquiry naturally presents itself: Are the Princess laces at bar nettings which are embroidered, or are they laces which are embroidered? If the former, they are classifiable under the first part of the paragraph under the rule in the *Smith* case; if the latter, they are classifiable under the second part of the paragraph.

The question here is a close one. The proof as to what constitutes Princess lace is not very satisfactory, and the few written authorities on laces are more unsatisfactory. However, it is made clear by the evidence that all the exhibits are Princess laces and that Princess lace is produced by using net as a foundation; that a piece of Princess lace may consist of three different elements—burnt-out lace, net with superimposed figures sewed thereon, and stitching constituting embroidery. It is also clear from the record that Princess lace may contain no embroidery whatever and consist of figures and the netting upon which they are sewed.

Except as is hereinafter indicated, the record furnishes no satisfactory direct answer for the following controlling question: Do the articles at bar respond to the term "lace" when the embroidery stitching is removed therefrom? If they do so respond, then the articles are laces which are embroidered. If not, they are either nettings which are embroidered or are articles which are not named in the paragraph and which have been embroidered. In some of the items of the exhibits, we have little doubt that if the stitchings, which form the stems of the plant figures and which connect the bases and the leaves and flowers, were withdrawn it would leave the article so incomplete that it could not be regarded as lace. It might be partly finished lace, but the paragraph makes no provision for such lace. In other samples the only embroidery stitching claimed by importer is in the form of small dots which are associated with other more elaborate figures but so associated as to permit their removal without in any great respect changing the general appear-

ance of the lace. In the instances last mentioned the dots, we think, embroider the lace. In the other instances, where the withdrawal of the embroidery would give the article an unfinished appearance, we do not believe that without the embroidery the article could be regarded as lace.

In order that the extremely narrow but controlling question in the case may be better understood, let us suppose that plain netting upon which dots alone are embroidered could be regarded as Princess lace. When the dots are removed, netting remains. Netting was there embroidered, and yet when completed we have a lace in part of embroidery. The embroidery on one of the items at bar is of such a character that its presence is not determinative of whether the article is or is not lace. The embroidery on other items is of such character as to be indispensable in forming a figure or design on the netting which changes the netting into one kind of Princess lace.

Item 92456 of Exhibit 2 is lace from which the dots (the only embroidered portion of the article) might be removed and, according to the testimony, Princess lace would remain. Item 92006 of Exhibit 2 contains embroidered dots, embroidered stems of plants, and unembroidered figures sewed upon the netting. If the embroidered dots were removed the remaining figures would be complete. The embroidered dots, therefore, were imposed upon Princess lace. The merchandise represented by these items should be classified under the second provision of the paragraph.

Applying the same rule to all the items of Exhibit 3, we find that they are not lace, if the embroidery thereon contained is left out of consideration. The merchandise represented by this exhibit should be classified under the first part of the paragraph.

As to Exhibit 4 we have considerable doubt, owing to the insufficiency of the record. This exhibit is Princess lace made upon a groundwork of net by superimposing figures made of braid and figures by embroidery. From below the figures first named the netting has been burnt out. As to just whether or not the burnt-out figures surrounded by plain netting (leaving out of consideration the embroidered flowered figured design) constitute any kind of lace is not shown by the record, and we have no way of determining the question. The classification of the merchandise by the collector under the first part of paragraph 1430 and the assessment of duty thereon at 90 per centum ad valorem must be regarded as having the effect of a finding that the item was not regarded as lace when the embroidery was left out of consideration. Under these circumstances his classification of the same must stand.

Considerable argument by the importer and the Government was devoted to the question discussed in *Kayser & Co. (Inc.)* v. *United*

*States*, 13 Ct. Cust. Appls. 474, T. D. 41367, the nature of which is illustrated from the following quotation therefrom:

\* \* \* It is wholly immaterial whether embroidery is placed on an article before or after it is completed for the purpose of determining whether or not the article is "embroidered." \* \* \*

The principle laid down in that case is a correct one in determining whether an imported article is embroidered or not embroidered, but it has little, if any, relevancy in determining the issue presented here, where we are attempting to determine the intent of Congress as expressed in its very much involved and ambiguous tariff paragraph.

In the *H. A. Caesar & Co.* case, *supra*, this court had under consideration the proper dutiable classification of Alençon lace. In describing the merchandise we there said—

It appears that Alençon lace is the name given to a particular article which is produced by having certain stitching upon an existing design. The article upon which this stitching is done is a usable lace before being so stitched, and is known as shadow lace. It becomes of the type known as Alençon lace only by reason of the stitching upon the design.

In discussing the law applicable to the same, the court, in an opinion by Judge Garrett, further remarked—

Another contention of the Government is that since the articles do not become Alençon lace except by reason of the stitching described, such stitching is a finishing operation resulting in lace and not in embroidery. Conceding that the stitching is finishing work for a particular type of lace, the fact remains, nevertheless, that it is imposed upon an article which was a finished lace of another type, dealt in as a commercial article, before being so stitched, and the stitching so done is not for utilitarian but for ornamental purposes, and we feel that this embellishment constitutes embroidering in the common meaning of that term.

While the last-quoted portion of the *Caesar & Co.* case may not in all respects precisely fit the issue at bar or be controlling thereof, the case carried with it the conclusion that in that instance the needlework was not regarded as embroidery upon netting or something not named in the paragraph, but was an embroidery upon a lace which *was* named in the paragraph.

For the reasons hereinbefore set out, we hold that the merchandise represented by Exhibit 3 and Exhibit 4 is dutiable under the first part of the paragraph, and that the merchandise represented by Exhibit 2 is dutiable under the second provision of the paragraph.

The judgment of the United States Customs Court is *modified*. Its judgment as to the merchandise represented by Exhibits 3 and 4 is *reversed*, and in all other respects it is *affirmed*. The cause is *remanded* for further proceedings in accordance herewith.

### CONCURRING AND DISSENTING OPINION

Hatfield, Judge: I concur in the holding that the merchandise represented by Exhibit 2 is dutiable under the second part of para-

graph 1430 at 75 per centum ad valorem, as held by the court below. I am unable to agree, however, that the merchandise represented by Exhibits 3 and 4 is dutiable under the first part of the paragraph at 90 per centum ad valorem.

The decision of the majority is based upon the proposition that, if the involved articles are lace "when the embroidery stitching is removed therefrom," they are dutiable under the second part of paragraph 1430 as "laces," embroidered. If they are not "lace" when the embroidery stitching is removed therefrom, they are—

either nettings which are embroidered or are articles which are not named in the paragraph and which have been embroidered.

I am unable to agree to this pronouncement. The character and dutiable status of imported merchandise, unless the statute otherwise directs, which it has not done here, is determined in accordance with its condition at the time of importation.

In the case of *Kayser & Co. (Inc.) v. United States*, 13 Ct. Cust. Appls. 474, 477, T. D. 41367, this court said—

From the fact that the points were placed upon the material after the fabric was cut into tranks, and before the tranks were fashioned into gloves, it is contended that the embroidery was not put upon the gloves, but upon the fabric, and that therefore the completed articles were not embroidered gloves. That argument is sophistical and has no sound reason to support it. The work on the points was embroidery, when it was placed on the tranks, and it was no less embroidery after the tranks were converted into gloves. It is wholly immaterial whether embroidery is placed on an article before or after it is completed for the purpose of determining whether or not the article is "embroidered." It may be that an embroidered trank is not an embroidered glove, but it is certain that if the trank be converted into a glove, the embroidery on the back makes it an "embroidered glove."

I am of opinion that the quoted language is applicable to the issues here involved.

The involved merchandise was not embroidered "nets" nor embroidered "nettings," nor was it something not named in the involved paragraph at the time of importation. It was at that time and ever since "lace," "embroidered lace," and, in my opinion, dutiable as such under the second part of paragraph 1430 at 75 per centum ad valorem.

GARRETT, Judge, concurs in the opinion of Judge Hatfield.