UNITED STATES *v.* CASE & CO. (No. 3470)[1]

United States Court of Customs and Patent Appeals, October 31, 1932

*Charles D. Lawrence,* Assistant Attorney General (*Thomas J. McKenna* and *Ralph Folks,* special attorneys, of counsel), for the United States.
*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee,

[Oral argument October 10, 1932, by Mr. Folks and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

On the 31st day of May, 1932, this court granted appellee's petition for a rehearing, and the case was reargued and submitted for decision on October 10, 1932. (The former report of the case appears in 20 C. C. P. A. (Customs) 1, T. D. 45590.)

The collector at the port of New York, having found that certain trimmings and laces were not embroidered, classified the same under the first part of paragraph 1430 of the Tariff Act of 1922 and assessed duty thereon at 90 per centum ad valorem.

The importer protested the classification, claiming the same to be embroidered and dutiable under the second portion of said paragraph at 75 per centum, or under paragraph 31 of the same act at 60 per centum. Appellee in the court below relied and here relies solely on the claim that the merchandise is dutiable under the second provision of paragraph 1430.

Paragraph 1430 is as follows:

PAR. 1430. Laces, lace window curtains, burnt-out laces and embroideries capable of conversion into burnt-out laces, nets and nettings, embroidered or otherwise, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps,

---

[1] T. D. 45979.

ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on any braid machine, knitting machine, or lace machine; and all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; all the foregoing, finished or unfinished (except materials and articles provided for in paragraphs 920, 1006, 1404, 1406, and 1424 of this Act), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213 of this Act, 90 per centum ad valorem; embroideries not specially provided for, and all fabrics and articles embroidered in any manner by hand or machinery, whether with a plain or fancy initial, monogram, or otherwise, or tamboured, appliquéd, scalloped, or ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including straight hemstitching; all the foregoing, finished or unfinished, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or products of cellulose provided for in paragraph 1213, 75 per centum ad valorem.

The United States Customs Court sustained the protest of appellee as to the merchandise at bar and held the same to be dutiable at 75 per centum under the latter part of paragraph 1430, *supra.*

The portion of the importation with which we are here concerned is represented by Exhibits 1, 2, 3, and 4. All exhibits are small pieces cut from fabrics which are dealt in by the yard.

Exhibit 1 consists of two pieces of bright-colored fabric upon which certain figures are embroidered with metal and silk threads. They are shown to be used only for trimming garments—as on the cuffs and collars of dresses and for trimming bags.

Exhibit 2 consists of two pieces of what is called Princess lace, sometimes called Shiffli lace. The lace is made upon a foundation of net upon which has been sewed braid, certain characters in the forms of leaves and dots, and other figures known as Shiffli wheels, Shiffli rings, and Shiffli spiders. The superimposed figures or characters, before being attached to the fabric, are made on the Shiffli machine and are sold by the yard, and appear, as one witness described them, in the same form as that of a link of sausage, and are so made as to be easily cut into separate figures when desired. In addition to the above-described superimposed figures, each of the laces represented by Exhibit 2 contains certain embroidered dots and one item contains embroidery stitching. The dots further ornament the article, and the stitching serves the purpose of connecting the leaves and other parts of the plant or flower figures on the article. It is conceded by all that the dots and the inserted threads referred to constitute embroidery. It is also conceded that the Shiffli articles which are sewed to the netting do not constitute embroidery.

Exhibit 3 consists of 10 samples of Princess lace, some of which have burnt-out portions and all of which contain embroidery stitching of the same character as is above referred to in describing Exhibit 2. The dots thereon are not made by embroidering but are first made and then sewed to the netting.

Exhibit 4, as far as the issue here is concerned, is Princess lace of the same character as Exhibits 2 and 3. Exhibit 4 contains more burnt-out portions than most of the other exhibits, and the embroidered figures are more elaborate and are done in silk or artificial silk.

The Government's brief discusses only the proper dutiable classification of the lace and expressly confines the issue presented to the lace. No mention is made of the trimmings, and we will regard the appeal as to the trimmings abandoned.

The court below, on the authority of *United States* v. *Smith & Co.*, 12 Ct. Cust. Appls. 384, T. D. 40544; *United States* v. *F. A. Ramig Co.*, 17 C. C. P. A. (Customs) 365, T. D. 43809; and *United States* v. *H. A. Caesar & Co.*, 18 C. C. P. A. (Customs) 106, T. D. 44067, held that the merchandise at bar was embroidered and dutiable under the second provision of paragraph 1430. As to the goods at bar the importer's protest was sustained, and as to other goods in the importation, not involved here, the protest was overruled.

In *United States* v. *Smith & Co., supra,* this court held that if an article *eo nomine* provided for in the first part of the paragraph was embroidered it would be dutiable under the second part of the paragraph. The reasons which brought this court to that conclusion need not be discussed here, since they are fully discussed in that case and in other cases involving the same issue, subsequently decided.

When this case was first presented the Government's contention was that the Princess lace involved owed its existence as lace solely to the embroidery design, and it argued that if the embroidery design made lace out of something which was not mentioned in the first part of the paragraph, the rule in the *Smith & Co.* case, *supra,* did not apply. The court adopted this view, held the merchandise represented by Exhibits 3 and 4 to be dutiable under the first part of the paragraph, and said:

In order that the extremely narrow but controlling question in the case may be better understood, let us suppose that plain netting upon which dots alone are embroidered could be regarded as Princess lace. When the dots are removed, netting remains. Netting was there embroidered, and yet when completed we have a lace in part of embroidery. The embroidery on one of the items at bar is of such a character that its presence is not determinative of whether the article is or is not lace. The embroidery on other items is of such character as to be indispensable in forming a figure or design on the netting which changes the netting into one kind of Princess lace.

188

The opinion also contains the following:

\* \* \* In some of the items of the exhibits, we have little doubt that if the stitchings, which form the stems of the plant figures and which connect the bases and the leaves and flowers, were withdrawn it would leave the article so incomplete that it could not be regarded as lace. It might be partly finished lace, but the paragraph makes no provision for such lace. In other samples the only embroidery stitching claimed by importer is in the form of small dots which are associated with other more elaborate figures but so associated as to permit their removal without in any great respect changing the general appearance of the lace. In the instances last mentioned the dots, we think, embroider the lace. In the other instances, where the withdrawal of the embroidery would give the article an unfinished appearance, we do not believe that without the embroidery the article could be regarded as lace.

The appellee, in its petition for rehearing, points out that this court was in error in stating that the paragraph makes no provision for partly finished lace. It does make provision for "laces, \* . \* \* finished or unfinished." Upon further consideration we conclude that our former holding as to the merchandise represented by Exhibits 3 and 4 was erroneous and that the lower court's judgment as to such exhibits should be affirmed.

As the case is now presented, the contention of the Government, concerning the lace owing its existence solely to the embroidered design, is immaterial, since it is certain that if the material, upon which the embroidery was placed, was not provided for in the first part of the paragraph as laces, it was provided for as unfinished laces. Laces (both finished and unfinished) being provided for in the first part of the paragraph, the contention of the Government that the importation owes its existence to the embroidery process is untenable.

From the foregoing description of the laces involved, it is apparent that the embroidered design in each instance is placed upon either a lace or an unfinished lace, both of which are provided for in the first part of the paragraph. Under the rule laid down in *United States* v. *Smith & Co.*, *supra*, which rule is hereinbefore referred to, Exhibits 3 and 4 are dutiable under the second provision of the paragraph at 75 per centum ad valorem, and the judgment of the United States Customs Court is, in all respects, *affirmed*.