It follows, therefore, that the judgment of the United States Customs Court must be and the same is *reversed*.

SUNSET TRIMMING CO., INC. *v.* UNITED STATES (No. 4127)[1]

---

[1] T. D. 49453.

[3] The section appeared for the first time in the bill which became the Tariff Act of 1930, as that bill passed the House of Representatives. 71 Cong. Record, p. 2100. The Senate Committee on Finance recommended that it be eliminated, saying (Sen. Report No. 37, 71 Cong., 1st Sess., p. 61):

At present foreign wheat may be imported into the United States without the payment of duty, milled in bonded warehouses, and the flour exported, American millers are thereby enabled to mill Canadian wheat for the Cuban trade and to obtain the treaty preferential rate of duty into Cuba, with the natural result that the greater part of the flour sold in Cuba is of this class. Acting apparently upon the plea of the so-called southwestern millers, who are unable to carry on this trade to advantage largely because of transportation costs on the imported wheat, and certain of the wheat growers of the United States, the House inserted in this section a provision designed to prevent American millers of Canadian wheat from obtaining the benefit of the Cuban preferential rate of flour.

 •  •  •  •  •  •  •

Your committee feels that the House amendment to the existing law would result in little or no benefit to any American farmers or millers and in very considerable harm to many millers. In the bill as reported it has, therefore, been eliminated.

Notwithstanding the recommendation of the Senate Committee, however, the section was retained by the Senate. 71 Cong. Rec., Part 4, pp. 3760–3780, 3801–3806.

United States Court of Customs and Patent Appeals, February 28, 1938

*Curie, Lane & Wallace (Samuel Isenschmid* of counsel) for appellant.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. Fitz-Gibbon*, special attorney, of counsel), for the United States.

[Oral argument February 7, 1938, by Mr. Isenschmid and Mr. FitzGibbon]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, and LENROOT, Associate Judges [1]

BLAND, Judge, delivered the opinion of the court:

The importer, appellant herein, imported at the port of New York, during the year 1931, certain cotton lace collars which were, by the Collector of Customs, classified under paragraph 1529 (a) of the Tariff Act of 1930, and assessed with duty at 90 per centum ad valorem.

The appellant protested the classification, claiming the goods to be dutiable under numerous provisions of the said tariff act, but in the court below abandoned all claims made in the protest except the claims which stated that the merchandise was dutiable at 37½ per centum ad valorem under paragraph 919 of said act, as articles of wearing apparel of cotton, or alternatively at 40 per centum ad valorem under paragraph 923 as manufactures of cotton, not specially provided for. The claim under paragraph 919 is the sole claim relied upon in this court.

The United States Customs Court, Second Division, overruled appellant's protest and held the merchandise dutiable at 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930, stating that it did so without affirming the classification of the collector. The court, in substance, found that it could not tell what the classification of the collector was, evidently for the reason that it was not

---

[1] Jackson, Judge, took no part in the consideration or decision of this case.

privileged to consider the report of the appraiser which advisorily classified the merchandise and which advisory classification was adopted by the collector. The report was untimely. From the judgment of the trial court appellant has appealed here.

The pertinent portions of the statute involved follow:

PAR. 1529. (a) Laces, lace fabrics, and lace articles, made by hand or on a lace, net, knitting, or braiding machine, and all fabrics *and articles made on a lace or net machine*, all the foregoing, plain or figured; lace window curtains, veils, veilings, flouncings, all-overs, neck rufflings, flutings, quillings, ruchings, tuckings, insertings, galloons, edgings, trimmings, fringes, gimps, and ornaments; braids, loom woven and ornamented in the process of weaving, or made by hand, or on a lace, knitting, or braiding machine; and fabrics and articles embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliquéd, ornamented with beads, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork, not including one row of straight hemstitching adjoining the hem; *all the foregoing*, and fabrics *and articles wholly or in part thereof*, finished or unfinished (except materials and articles provided for in paragraphs 915, 920, 1006, 1111, 1504, 1505, 1513, 1518, 1523, or 1530 (e), or in Title II (free list), or in subparagraph (b) of this paragraph), *by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act,* when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem. Hose and half-hose wholly or in chief value of cotton or of wool shall not be dutiable at the above rate by reason of being embroidered, if the embroidery is such as is commonly known as clocking and does not exceed one inch in width or six inches in length, exclusive of the fork, but shall be subject to a duty of 75 per centum ad valorem. [Italics ours.]

PAR. 919. Clothing and articles of wearing apparel of every description, manufactured. wholly or in part, wholly or in chief value of cotton, and not specially provided for, 37½ per centum ad valorem. * * *

The trial court in describing the article made the following statement:

After a careful examination of the entire record, including an inspection of the sample of merchandise, we find that the merchandise the classification of which is involved in this case, consists of a lady's lace collar, the lower portion of which is composed of burnt-out lace, and the upper portion of which is composed of lace made by embroidering certain patterns upon a net foundation by means of a Schiffli embroidery machine, and that both portions of said collar were made pursuant to a preconceived design or pattern and for the express purpose of being united to make a lace collar, and that the work done upon both the upper and lower portions of this collar was necessary to produce the lace of which the collar is composed. We also find from the record that the lace of which the said collar is composed was not made by hand, or on a lace, net, knitting, or braiding machine but that said lace was made on a multiple-needle Schiffli embroidery machine.

This statement seems to be correct. In addition to the foregoing it is important to note. that the record definitely shows that the foundation is a net made on a bobbin net machine, and that, therefore, the embroidered imported article is in part of net—an article made on a net machine.

The trial court, in an opinion which takes up nineteen pages of the record, and contains much discussion of cases which we do not regard as being in point, for reasons which we will presently discuss, stated that in arriving at its conclusion it did so upon the authority of *Madeira Linen Importing Co.* v. *United States,* 25 C. C. P. A. (Customs) 61, T. D. 49063, "and other similar decisions on kindred subjects." The opinion attempts to show that the *Madeira Linen Importing Co.* case is in conflict with a number of other decisions of this court including *United States* v. *F. A. Ramig Co.,* 17 C. C. P. A. (Customs) 365, T. D. 43809; *United States* v. *Case & Co.,* 20 C. C. P. A. (Customs) 1, T. D. 45590, rehearing of same, 20 C. C. P. A. (Customs) 185, T. D. 45979; and *United States* v. *Field & Co.,* 15 Ct. Cust. Appls. 254, T. D. 42263.

Appellant's counsel, with commendable frankness, agree with the holding of the trial court as to the controlling effect of the holding of this court in the *Madeira Linen Importing Co.* case, *supra,* if that case is not to be overruled, and say:

In the *Madeira Linen Importing Co.* case, *supra,* the merchandise involved was Saxony *lace articles* made by embroidering by hand and by an *embroidery machine* on a foundation of net, made on a net machine. Hence, the material facts in that case were substantially the same as the material facts in the case at bar, and this case therefore resolves itself in effect into a reargument of that case.

They quote from the opinion in the *Madeira Linen Importing Co.* case, *supra,* and then argue that the holding in that case is in conflict with a number of other decisions by this court, all of which relate to the construction of paragraph 1430 of the Tariff Act of 1922, which, in some respects, is the predecessor of paragraph 1529 of the Tariff Act of 1930.

Appellant's counsel point out that in the *Field & Co.* case, *supra,* lace window curtains made by embroidering on a net foundation were held not to be dutiable under the first part of paragraph 1430, *supra,* at 90 per centum ad valorem, but were dutiable at 75 per centum ad valorem under the last part of the same; that in the *Ramig Co.* case, *supra,* flouncings embroidered on a net foundation were held not to be dutiable under the first part of said paragraph 1430, but under the latter part of the same paragraph; that the same holding was made with respect to embroidered Princess lace in *United States* v. *Case & Co., supra;* and with respect to lace panels or curtains of net embroidered in *United States* v. *Marshall Field & Co.,* 18 C. C. P. A. (Customs) 469, T. D. 44761.

Appellant's argument is summed up in the following quotation from its brief:

Upon the foregoing, we submit that, if *lace window curtains* made on a net foundation, *flouncings* made on a net foundation, and *lace* made on a net foundation, were, under the cited decisions, not dutiable as *articles in part of net* under paragraph 1430, tariff act of 1922, it would seem that the *lace articles* which were

the subject of the *Maderia Linen Importing Co.* case, *supra,* and the *lace collars* involved in the case at bar, are likewise not dutiable as *articles in part of net, made on a net machine,* under paragraph 1529 (a), tariff act of 1930, as the provisions in question in both tariff acts are substantially the same, viz.:

Par. 1430, tariff act of 1922,—* * * nets and nettings, embroidered or otherwise, * * * all fabrics and articles composed in any part, however small, of any of the foregoing fabrics or articles; * * *

Par. 1529 (a), tariff act of 1930,—* * * all fabrics and articles made on a lace or net machine, * * * all the foregoing, and fabrics and articles wholly or in part thereof, * * *.

A glance at the abbreviated competing paragraphs above set out in appellant's brief discloses a very significant difference between paragraph 1430 of the Tariff Act of 1922 and paragraph 1529 (a) of the Tariff Act of 1930. The appellant and the decision appealed from do not analyze or attempt to explain the effect to be given to the differences in these two paragraphs. The trial court, however, does point out that paragraph 1529 (a), *supra,* contains no provision for "nets and nettings, embroidered or otherwise." In other words, nets and nettings are not *eo nomine* provided for in paragraph 1529 (a). Nets and nettings are covered by paragraph 1529 (a) as being "fabrics made on a * * * net machine," but this is not an *eo nomine* provision.

It seems to us that a careful examination of our holdings in the cases involving embroidered net articles under the Tariff Act of 1922 will clearly disclose the difference in principle involved in those cases and that involved in the *Madeira Linen Importing Co.* case, *supra.* At least one difference between the new paragraph and the old one stands out so boldly and justifies our conclusion so fully in the *Madeira Linen Importing Co.* case, *supra,* that it is difficult to understand how it could be overlooked. In the old paragraph "nets and nettings" was an *eo nomine* provision followed by the term "embroidered or otherwise." We held in the cases which the appellant and the court below think are in conflict with the *Madeira Linen Importing Co.* case, *supra,* that an article *eo nomine* provided for in the first part of paragraph 1430, if not modified by the term "embroidered or otherwise," would not, if embroidered, be dutiable under that part of the paragraph but under the second part of the paragraph.

This line of holdings started with the case of *United States* v. *Smith & Co.,* 12 Ct. Cust. Appls. 384, T. D. 40544, which affirmed the decision of the Board of United States General Appraisers (now the United States Customs Court). The principle involved was that under the doctrine of *expressio unius est exclusio alterius,* Congress, having provided for certain embroidered articles in the first part of the paragraph and not having so provided for others, which were, when unembroidered, provided for *eo nomine,* intended that the others should be relegated to the second part of the paragraph, if embroidered.

Now, let us take the cases of *United States* v. *F. A. Ramig Co.* and *United States* v. *Field & Co., supra,* discussed at length by the trial court, and see if they are in conflict with the principle laid down in the case of *United States* v. *Smith & Co., supra,* under the old statute, or the *Madeira Linen Importing Co.* case, *supra,* under the new one.

In *United States* v. *F. A. Ramig Co., supra,* it is true, as is pointed out by the importer, that the embroidered article was in part of net which was specifically enumerated in the first part of the old paragraph followed by the phrase "embroidered or otherwise" but the controlling fact that apparently has not been seen is that the article was a *flouncing.* Flouncings were *eo nomine* provided for in the first part of the paragraph, not followed by the term "embroidered or otherwise." Therefore, the rule in the *Smith & Co.* case, *supra,* applied and the flouncing was relegated to the second part of the paragraph.

In *United States* v. *Field & Co. supra,* again it is pointed out by the importer that the article there involved was in part of net, embroidered. If we should stop here in the statement of the case, there would be some justification for the conclusion that our holding in that case was contrary to the rule laid down in the *Smith & Co.* case, but the explanation is that the article which had been embroidered was held to be more than net and was a curtain, embroidered. Curtains were specifically named in the first part of the paragraph, not modified by the term "embroidered or otherwise." Therefore, under the rule of the *Smith & Co.* case, *supra,* no embroidered curtain could find classification under the first part of the paragraph.

No useful purpose could be served in here discussing all the cases which involve the principle applied in the *Smith & Co.* case, *supra,* since the new paragraph, in respects with which we are here concerned, contains no such provision as made necessary the application of the rule which was regarded as controlling in the *Smith & Co.* case.

Not only did Congress, in enacting paragraph 1529 (a), *supra,* omit all reference to the term "embroidered" in the language with which we are here concerned, but it omitted several *eo nomine* provisions in the first part of the paragraph and covered a number of articles by the broad general language "and all fabrics and articles made on a lace or net machine." In the line of cases discussed by appellant as being in conflict with the *Madeira Linen Importing Co.* case, *supra,* it was not held that the language in the first part of paragraph 1430, *supra,* was not broad enough to include the articles involved, if such language stood alone, but by virtue of the application of the rule of construction above referred to, it was held that Congress did not intend to cover those articles in that part of the paragraph.

Now, since the language in the first part of paragraph 1430, *supra,* which brought about the application of said rule, is absent from paragraph 1529 (a), *supra,* it seems to us that the merchandise involved

will have to find classification under the first part of the paragraph if the language sufficiently describes it and if there is nothing in its context as a whole or other circumstances which indicate the congressional intent to be to the contrary.

We think that the *Madeira Linen Importing Co.* case, *supra*, is controlling of decision here. We there had under consideration Saxony lace cotton articles. Net had, by hand and by machine, been embroidered so as to become Saxony lace. We there said:

> Counsel for the Government contend that, as it appears from the stipulation that the involved laces consist of a foundation material which is net, made on a net machine, upon which the hand embroidery and the machine embroidery are superimposed, they are in part of net, made on a net machine; that, as paragraph 1529 (a), *supra*, provides for "all fabrics and articles made on a * * * net machine," the provisions contained therein for "all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * *, by whatever name known and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act" clearly cover the involved laces; and that, therefore, the involved laces are dutiable at 90 per centum ad valorem.

Since the facts in that case seem to be on all fours with those in the case at bar, we, following the decision in that case, conclude that since the foundation net was made on a net machine, the collar at bar is in part of net made on a net machine. The paragraph provides for "all fabrics and articles made on a * * * net machine" and then later provides for "all the foregoing and articles and fabrics wholly or in part thereof." We see no escape from the conclusion that the language last above quoted aptly covers the merchandise at bar, and we know of no reason, certainly none has been called to our attention, why Congress should have intended that the collars in controversy should have been excluded therefrom.

Comment has been made upon the fact that no authorities were cited in the *Madeira Linen Importing Co.* case, *supra*. None of the cases which the appellant and the trial court thought in conflict with that case was cited for the simple reason, as has been hereinbefore pointed out, that they were in no sense in point on the issue involved. Furthermore, when the *Madeira Linen Importing Co.* case was decided, there were no other decisions involving the interpretation of the first part of paragraph 1529 (a), *supra*, in respects with which we are here concerned, and, therefore, there were no authorities in point available.

The provisions of said paragraph 1529 (a) more specifically provide for the merchandise than do the provisions of paragraph 919, under which appellant claims the merchandise dutiable. For the reasons herein assigned, the judgment of the United States Customs Court is *affirmed*.