**No. 39166.**—Protests 209358–G, etc., of Oppenheim & Baruch, Inc., et al. (New York).

Opinion by TILSON, J. The record established that certain items consist of allovers and articles in chief value of cellulose filaments similar to those involved in Abstract 37230. The claim at 60 percent under paragraph 31 was therefore sustained.

**No. 39167.**—Protest 64668–G of John Wanamaker (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of Abstract 37230 materials and articles in chief value of cellulose filaments were held dutiable at 60 percent under paragraph 31. Embroidered allovers and articles in part of braid, lace, or trimming were held dutiable at 75 percent under paragraph 1430. *United States* v. *Smith* (12 Ct. Cust. Appls. 384, T. D. 40544) and *Glemby's* v. *United States* (13 id. 533, T. D. 41397) followed.

BEFORE THE THIRD DIVISION, AUGUST 9, 1938

**No. 39168.**—Protest 792760–G of Associated Mfrs. Importing Co. (San Francisco).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Seller* v. *United States* (T. D. 47417) the Tom-and-Jerry mugs in question were held dutiable at only 70 percent ad valorem under paragraph 212 as claimed.

**No. 39169.**—Protests 707875–G, etc., of China Pacific Co. et al. (San Francisco).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *American Push Broom & Brush Co.* v. *United States* (25 C. C. P. A. 248, T. D. 49391) the palmyra fiber in question was held entitled to free entry under paragraph 1684 as claimed.

**No. 39170.**—Protest 699025–G/9851 of Aganox Co. (New Orleans).

Opinion by KEEFE, J. From the evidence it was held that the vegetable juice in question is more specifically provided for as waste. The claim at 10 percent under paragraph 1555 was therefore sustained. *Rohner* v. *United States* (T. D. 49416) cited.