No. 47994.—Protest 59115–K of McCallum-Legaz Fish Co.  (Seattle.)

COLE, Judge:  An importation of salted herring in barrels was assessed with duty at 1 cent a pound under the *eo nomine* provision therefor in paragraph 719 (4), Tariff Act of 1930.  Plaintiff claims that the merchandise is properly dutiable at only ⅝ cent per pound under the same paragraph as modified by the Canadian Trade Agreement, published in T. D. 49752, wherein it is set forth as follows:

| Tariff Act of 1930; paragraph | Description of article | Rate of duty |
|---|---|---|
| 719 | Fish, pickled or salted (except fish packed in oil or in oil and other substances and except fish packed in air-tight containers weighing with their contents not more than 15 pounds each): <br> * * * * * * * <br> (4) Herring, *beheaded and eviscerated*, but not further advanced (except that the fins may be removed), and herring known commercially as split herring, any of the foregoing, in bulk or in immediate containers weighing with their contents more than 15 pounds each and containing each more than 10 pounds of herring, net weight.  [Italics ours.] | ⅝¢ per lb. net wt. |

Three witnesses testified at the trial concerning the process to which the merchandise was subjected prior to importation.  However, in the brief filed subsequent to the hearing plaintiff has admitted that the fish were not beheaded.

Notwithstanding this concession, plaintiff contends that the fish in question are included within the italicized provision of paragraph 719 (4) as modified, *supra*, seeking a construction of the language as though it were written "beheaded *or* eviscerated," on the theory that an interpretation of it as written would create the anomalous situation of subjecting a more advanced commodity to a lower rate of duty.

We do not agree with the claim advanced by plaintiff.  The language of amended paragraph 719 (4) as modified, *supra*, is so clear and unambiguous that the rule adopted by the Supreme Court in *Lewis, Trustee* v. *United States*, 92 U. S. 618, may be applied with equal force here. · There, the court said:

Where the language of a statute is transparent, and its meaning clear, there is no room for the office of construction.  There should be no construction where there is nothing to construe.  *United States* v. *Wiltberger*, 5 Wheat. 95; *Cherokee Tobacco*, 11 Wall. 621.

The simple words employed permit of no other construction than their plain meaning.  To do otherwise, would enact judicial legislation.  *Maxwell et al.* v. *Moore et al.*, 22 Howard 185, 191.

By the use of such clear and unmistakable language it is quite evident that the lower rate granted in the modified paragraph, *supra*, was meant to apply only to herring which was both beheaded and eviscerated.  If the negotiators of the Canadian Trade Agreement intended otherwise, they would have expressed it differently, as they did in other paragraphs of the same trade agreement.  For instance, in paragraph 717 (a) thereof, there appears the following provision:

Fish, fresh or frozen (whether or not packed in ice), whole or *beheaded or eviscerated or both*, but not further advanced  * * *.

Again in paragraph 720 (a) (4), identical language conveying the same intent was used in the following provision:

Cod, haddock, hake, pollock, and cusk, whole, or *beheaded or eviscerated or both*, but not further advanced  * * *.

In the case of *Edgar Allen Steel Co., Inc., et al.* v. *United States,* 16 Ct. Cust. Appls. 26, T. D. 42715, the court discussed an attempt to construe the word "and" as "or," and disposed of such effort in the following language:

   \*   \*   \*   The contention of the Government and the reasoning of the learned judge who wrote the opinion in the Greaves case can be sustained, if at all, only on the assumption that there are no steels produced containing both tungsten and molybdenum and that when molybdenum is used in the manufacture of steel, tungsten is not used. That assumption, however, is not supported by the record.   \*   \*   \*.

   \*      \*      \*      \*      \*      \*      \*

   There is absolutely nothing in the proviso or in the tariff or other laws from which it could be fairly or properly deduced that the words "containing molydenum and tungsten" were thrown into the statute as a precaution or as mere surplusage. Neither is there any sound reason for believing that Congress intended to use the word "or" instead of the word "and," in said phrase.   \*   \*   \*

In the instant case there was no attempt whatsoever to meet the burden suggested in the *Edgar Allen Steel Co. Inc.* case, *supra,* to lay a factual basis for the interpretation of the word "and" as "or."

The court in this opinion has not attempted to decide what its ruling would be if such proof had been offered, but is merely pointing out that no testimony was offered along that line.

For the reasons hereinabove set forth, we hold the salted herring in question not to be embraced within the limited provisions of paragraph 719 (4) as modified, *supra.*

That this conclusion may impose lower duty on a more advanced product, is something which the court need not answer. We quote what was aptly stated by the appellate court when an analogous situation developed in the case of *United States* v. *Smith & Co.,* 12 Ct. Cust. Appls. 384, T. D. 40544:

Why expensive embroideries should pay a less rate of duty than less expensive articles is not for this court to determine; it is for us rather to interpret the will of Congress, than to usurp its province, by writing amendments to its enactments.

The protest is overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly.